Elaine MARTIN, individually; EAM, LLC, dba Michael T. Martin, General Contractor, Plaintiffs–Appellants,

v.

UNITED OF OMAHA LIFE INSURANCE COMPANY, a Nebraska Corporation; John Kelly, Defendants–Appellees.

No. 02–17037.

D.C. No. CV–01–00409–LRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Decided Feb. 24, 2004.

Daniel S. Simon, Las Vegas, NV, for Plaintiffs–Appellants.

Scott Bales, Office of the U.S. Attorney, Stephen M. Bressler, Esq., Lewis & Roca, LLP, Valerie Edwards, Doyle Law Firm, Phoenix, AZ, Amelia De Los Santos, Esq., Lewis & Roca, LLP, Edward Boyack, Esq., Doyle, Berman & Boyack, Las Vegas, NV, for Defendants–Appellees.

Before HAWKINS, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

EAM, LLC, the beneficiary of a life insurance contract for Michael Martin, appeals the district court's summary judgment ruling in favor of United of Omaha Life Insurance Company and insurance broker John Kelly on all of EAM's claims arising out of United of Omaha's refusal to provide benefits upon the death of Michael Martin. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review *de novo* the district court's summary judgment ruling. *See United States v. City of Tacoma, Wash.*, 332 F.3d 574, 578 (9th Cir.2003). Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). *See Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131 (9th Cir.2003). Both parties agree Nevada law governs this dispute.

## I.

█ The district court correctly concluded that United of Omaha could rescind Martin's policy under Nevada Revised Statute § 687B.110(2). Section 687B.110(2) states a "misrepresentation" or "omission" in an insurance application can prevent recovery if "(2) [it is] [m]aterial either to the acceptance of the risk, or to the hazard assumed by the insurer." Martin's April 28, 1999 application did not disclose that he contacted Dr. Neibaur on April 6, 1999 for shortness of breath, increased fatigue and left shoulder pain. His application also did not disclose that he had taken an EKG stress test on April 7, 1999. Additionally, the response to Questions 3(a), 3(b), 5(a) and 5(b) was "No," instead of "Yes" as a result of the April 6–7 consultation and stress test.

EAM primarily argues that the tests were not material, and therefore did not need to be disclosed, because Martin did not turn out to have a heart condition, but rather pancreatic cancer. However, the Nevada Supreme Court in *Randono v. CUNA Mutual Insurance Group* rejected a similar argument that under Nevada Revised Statute § 687B.110(2) the "omission or misrepresentation must be related to the cause of death in order to be material under the statute." 106 Nev. 371, 793 P.2d 1324, 1326 (1990). Rather, materiality for purposes of § 687B.110(2) is determined

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the background facts, we do not recite them in detail.

by whether the insurer's decision to accept the risk, or at what rate to issue the policy, would have been affected by the disclosure of the information. *See id.* at 1326–27. In *Randono*, Mr. Randono gave a negative response to a question on his life insurance application that asked whether he had ever been treated for high blood pressure, when in fact he had a previous blood pressure problem that he had knowledge of when he filled out the application. 793 P.2d at 1324. Although Randono subsequently succumbed to cancer unrelated to his previous high blood pressure problems, the Nevada Supreme Court upheld the trial court's summary judgment ruling in favor of the insurer under § 687B.110(2). The court did so because of uncontroverted evidence presented by the insurer that had it known of Randono's previous blood pressure problems, it would have issued the policy at a higher rate. *Id.* at 1325. Here, there is uncontroverted evidence that had United of Omaha known of the April 7th EKG test it would have waited for more tests to be performed before issuing the policy. Under these circumstances, the district court did not err in rejecting EAM's claim for coverage.

Because EAM's contractual claim fails, its claims for bad faith and punitive damages must be dismissed as well. *See Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 537 (9th Cir.2001).

## II.

■ We also affirm the summary judgment ruling in favor of independent insurance broker Kelly on all of EAM's claims. EAM argues that Kelly was negligent in filling out Martin's life insurance applica-tion. However, under this argument, EAM cannot prove damages because had Kelly ascertained and disclosed Martin's true medical history, United of Omaha would not have issued the policy, but rather would have waited for further tests to be performed. Had the further tests been performed, Martin's cancer would have been uncovered and therefore no policy would have issued, and thus EAM would not have sustained any damages from Kelly's alleged negligence. EAM also argues that Kelly was negligent because he did not properly explain the terms of the life insurance application. However, Martin signed the life insurance application (twice) and cannot rely solely on his assertion that his broker failed to adequately explain to him the terms of the contract.

EAM further argues that Kelly was negligent because Kelly's use of the wrong policy caused an undue delay in the issuance of Martin's policy. However, the district court properly relied on Nevada Revised Statute § 687B.110(2) as providing an independent ground for United of Omaha to deny coverage. This ground was not triggered by any alleged negligence of Kelly, but rather by the omissions and misrepresentations in the April 28 application that Martin signed and, at the very least, had thereby ratified.[2]

**AFFIRMED.**

---

2. Finally, EAM argues that Kelly was negligent for failing to offer Temporary Life Insurance at the time of the initial application. However, as this argument was raised for the first time on appeal and does not meet the narrow exceptions under which a newly-raised argument will be considered, we decline to consider it. *See Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996).