CBC FINANCIAL, INC., Plaintiff–
counter–defendant–Appellant,

v.

APEX INSURANCE MANAGERS,
LLC, Defendant–Appellee,

Bedford Underwriters, Ltd.; Schwarz
Insurance Agency, Inc. Rod Thieler,
Defendants–cross–defendants–Appel-
lees,

American Safety Indemnity Company,
Defendant–counter–claimant–
cross–claimant–Appellee.

No. 06–17269.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 17, 2008.

Filed Aug. 14, 2008.

Constance L. Akridge, Matthew T. Milone, Jones Vargas, Las Vegas, NV, for Plaintiff–counter–defendant–Appellant.

Diane M. Mullenix, Keith Edwards, Wilson Elser Moskowitz Edelman & Dicker, LLP, Las Vegas, NV, for Defendant–counter–claimant–cross–claimant–Appellee.

Thomas D. Dillard, Jr., Rawlings Olson Cannon Gormley & Desruisseaux, Riley Clayton, Hall Jaffe & Clayton, LLP, Las Vegas, NV, for Defendants–cross–defendants–Appellees.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and BERTELSMAN,* District Judge.

MEMORANDUM **

Plaintiff–Appellant CBC Financial, Inc. ("CBC") appeals the district court's grant of summary judgment to Defendants–Appellees Apex Insurance Managers, LLC and American Safety Indemnity Co. ("Apex/ASI" or "the Insurer") on CBC's claims for breach of contract and bad faith in connection with the Insurer's rescission of a property damage policy issued to CBC. CBC also appeals the district court's dismissal of CBC's claims for breach of fiduciary duty and negligent misrepresentation against Defendant–Appellee Bedford Underwriters, Ltd. ("Bedford"), a wholesale insurance broker.

■ We conclude that the district court properly granted summary judgment to the Insurer based on Nevada Revised Statute § 687B.110. It is undisputed that CBC's applications for insurance contained misrepresentations regarding the property for which it sought coverage and which were material to the Insurer's issuance of the policy and/or the premium charged. These misrepresentations included inaccuracies regarding the square footage of the subject property; its occupancy rate; the presence of smoke detectors, sprinklers, and burglar alarms; and the number of buildings and the nature of their use.

Based upon the undisputed evidence of these misrepresentations, the district court properly determined materiality as a matter of law, see, e.g., Martin v. United of Omaha Life Ins. Co., 91 Fed.Appx. 547, 548–49 (9th Cir.2004), and properly found that the Insurer was entitled to rescind its policy under Nevada law.

■ The district court also properly rejected CBC's waiver argument based on the Insurer's receipt in November 2002 of an inspection report that mentioned the casino and stated that the property had no sprinkler system. First, although the inspection report noted that the casino was part of the Moulin Rouge property, it specifically stated that the casino was *not* part of the property insured. There was thus nothing about this "disclosure" that would have alerted the Insurer to the misrepresentation about the casino contained in the application. To the contrary, the statement that the casino was not subject to coverage merely reinforced that misrepresentation.

Second, the single, small-type box on the inspection report which was checked "none" with respect to the presence of a

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sprinkler system does not alter the legal effect of CBC's misrepresentations in its application. Under Nevada law, the Insurer has a right to rely on the insured's representations, and CBC provides no authority for the proposition that an insurer has an affirmative obligation to investigate and verify their accuracy. *Compare General Star Indem. Co. v. Duffy,* 191 F.3d 55, 58–59 (1st Cir.1999) (holding that insurer was entitled, as a matter of law, to rely on insured's representation that property was sprinklered, and insurer's right of rescission was not waived by presence in its files of inspection report showing that property was not sprinklered).

 Finally, the district court properly held that CBC failed to state claims against Bedford for breach of fiduciary duty and negligent misrepresentation. The district court correctly concluded that, while Nevada law imposes on insurance brokers the duty of ordinary care in procuring insurance coverage that could give rise to a claim for negligence, no Nevada court has imposed on insurance brokers a fiduciary duty toward insureds. The district court further correctly concluded that the complaint did not state any facts—as opposed to mere legal conclusions—that Bedford made any misrepresentations to CBC or was otherwise negligent in fulfilling its role as a wholesale broker.

AFFIRMED.